## CONSTRUCTION OF A BUILDING RESTRICTION.

Circuit Court of Cuyahoga County.

CHARLES E. KAPITZKY v. H. W. BROWN ET AL.

Decided, December 4, 1911.

*Building Restrictions—Porch no Violation, When.*

A porch built upon restricted territory is not a violation of a restriction that the *main body* of any dwelling-house to be erected upon a lot shall be back a given number of feet from the street line.

*H. J. Doolittle* and *Hoyt, Duslin, Kelley, McKeehan & Andrews,* for plaintiff.

*C. W. Fuller* and *J. L. Cannon, contra.*

WINCH, J.; MARVIN, J., and HENRY, J., concur.

The plaintiff is not entitled to have Brown's side porch removed. Whatever restriction was originally placed by the Windermere Realty Company in the deeds to the Euclid avenue lots cornering on Idlewood and Rosalind avenues, this restriction had been violated before Kapitzky bought, to his knowledge. He made no objection when the second violation occurred on Miller's lot. His suggestion that these violations were on the corners of Idlewood and did not affect his view on Rosalind, would be of some importance were it not for the specific statement in his own deed as to the nature of the restriction which would be made for his benefit when the Brown lot was sold; that agreement was in accord with the condition apparent to him on the corner of Idlewood.

We hold that the general scheme as to the corner lots, of which he is entitled to the benefit, is that which he agreed to when he accepted his deed, to-wit, that the *main body* of the dwelling-house to be erected on Brown's lot should be back at least twenty feet from the southwesterly line of Rosalind avenue. Brown's side porch, which encroaches upon this twenty feet, is not a violation of the general plan or scheme as thus expressed.

The petition will be dismissed.